IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID KAYNE STEELE, as personal
representative on behalf of the estate of Ashley
Steele, deceased, and on behalf of himself and all
heirs at law

TONY FLOYD LEWIS, as special administrator
of the estate of Leslie Lewis, deceased,
on behalf of himself and all heirs at law                                    PLAINTIFFS


VS.                            No. 3:21-cv-00064 DPM-PSH


SHARKEY TRANSPORTATION, INC.,
SISBRO, INC.,
SHIPPERS RENTAL COMPANY,
SHARKEY TRANSPORT SERVICES, INC.,
JOHN DOE TRUCKING ENTITIES1-5,
JOHN DOE INSURANCE COMPANIES 1-5, and
JOHN DOES 1-5                                                                DEFENDANTS


**ORDER**

Defendant Sisbro, Inc. ("Sisbro") has filed a motion for attorney's fees (Doc. No. 85), a motion for sanctions[1] (Doc. No. 87), and a sealed motion to compel the personal representative of the estate of Ashley Steele, deceased, to execute a medical

---

[1] The motion for sanctions is a renewal of an earlier motion. *See* Doc. No. 30.

1

authorization (Doc. No. 90). The plaintiffs have responded. The undersigned addresses these motions in this Order, having been referred all discovery disputes by Chief United States District Judge D.P. Marshall Jr. *See* Doc. No. 76.

A brief background of the status of discovery disputes is warranted. This case was originally assigned to U.S. District Judge Kristine G. Baker. It was later consolidated with a separate action stemming from the same events. An amended complaint was filed and the case was reassigned to Chief U.S. District Judge D.P. Marshall Jr. At the time of reassignment, a motion to compel and a motion for sanctions filed by Sisbro were pending (Doc. Nos. 28, 30). Later, another motion to compel and a status report regarding joint report of discovery dispute were filed by Sisbro (Doc. Nos. 68, 73). On October 18, 2022, Chief Judge Marshall filed an order referring all current and future discovery disputes, as well as other matters, to this Court (Doc. No. 76). Chief Judge Marshall also denied the pending motions without prejudice.

At a status conference held on November 10, 2022, the Court inquired about the status of the discovery-related motions. At that time, the parties reported to the Court that the discovery sought by Sisbro in its motions to compel, with the exception of Ashley Steele's medical records, had been produced. Additionally, the parties had come to an agreement regarding providing medical records and the entry of a

protective order regarding such records. The Court entered a protective order and the medical records in issue were produced to the defendants.

The Court first addresses Sisbro's sealed motion to compel the personal representative of the estate of Ashley Steele, deceased, to execute a medical authorization (Doc. No. 90). At the status hearing held on November 10, 2022, the Court was advised that, in lieu of seeking a medical authorization, the parties had agreed to the estate's production of the medical records it compiled on Ashley Steele after entry of a protective order. Counsel for Sisbro, however, reserved the right to seek a medical authorization if the medical records produced by the estate were not complete or failed to contain records from medical care providers that treated Ashley Steele before her death. The Court instructed Sisbro's counsel to file such a motion promptly if it was deemed necessary, and notified the parties that it intended to rule on discovery motions quickly. The medical records were then provided to Sisbro. According to its motion, the records in fact are not complete and do not contain records from certain medical care providers. Sisbro therefore seeks an order requiring production of a medical authorization so that it can obtain a complete set of medical records. It also seeks such an order to that it can obtain the records supported by the affidavit of the records custodian for the providers. The estate objected to the motion for a number of reasons, including arguing that the medical authorization in issue is

overbroad. The Court finds that the motion should be, and therefore is, GRANTED for the reasons set forth below.

This is a wrongful death case, and the substantive issues are governed by the Arkansas Wrongful Death Act. Ark. Code Ann. §16-62-101 et seq. Pursuant to that statute, the personal representative of an estate may seek as elements of damage on behalf of the estate medical expenses attributable to the fatal injury, conscious pain and suffering of the deceased prior to her death, and the value of the decedent's loss of life, among other damages. *Id.*; *see also* Ark. Model Jury Instr., Civil AMI 2216. Of note is the separate element of "loss of life." According to Arkansas law, loss of life damages are damages that would compensate a decedent for the loss of the value that a decedent would have placed on his or her own life. *See Durham v. Marberry*, 356 Ark. 481, 156 S.W.3d 242 (2004). An estate seeking loss of life damages "must present *some* evidence, that the decedent valued his or her life, from which a jury could infer and derive that value and on which it could base an award of damages." *One Nat. Bank v. Pope*, 372 Ark. 208, 214, 272 S.W.3d 98, 102 (2008). Circumstantial evidence may be used to establish that the decedent valued her life. *Id.*, 272 S.W.3d at 103.

According to the amended complaint, the estate of Ashley Steele seeks to recover loss of life damages. *See* Doc. No. 58 at 50. Medical records identifying and

describing Ashley Steele's physical and/or mental health are discoverable because they are relevant to the estate's loss of life damages claim and to the defense of that claim. Additionally, such records are relevant concerning Ms. Steele's physical and mental health at the time of the accident in issue. The privileged and sensitive nature of the medical records will be safeguarded by the protective order in place. And the Court notes that information within the scope of discovery "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Additionally, Sisbro's motion establishes that the records produced by the estate are not complete and refer to other medical care providers whose records are not included in the production. The defendants are entitled to obtain all medical records and are not required to rely on the estate to provide a complete set. The Court rejects the estate's claim that the medical authorization in issue is overbroad and should be limited in time. Ms. Steele's life was unfortunately short. For these reasons, the sealed motion to compel the personal representative of the estate of Ashley Steele, deceased, to execute a medical authorization (Doc. No. 90) is granted. The Court excuses Sisbro's alleged failure to confer with counsel for the estate before filing its motion for two reasons. First, the parties had engaged in numerous discussions regarding a medical authorization before the status hearing, and had reached an agreement in which Sisbro would accept production of the estate's compiled medical

records in lieu of a medical authorization. Second, at the status conference, the Court authorized Sisbro to file a motion for medical authorization promptly should the provided records not be complete.

The Court now turns to Sisbro's motion for attorneys' fees and motion for sanctions (Doc. Nos. 85, 87). With regard to the motion for attorneys' fees, Sisbro previously filed two motions to compel, seeking medical records, employment records, phone records, and banking and financial records. While those documents have now been provided, Sisbro seeks to recover attorneys' fees incurred in the filing of these motions. It also seeks to recover fees incurred in the filing of the motion for sanctions. That motion alleges that the plaintiffs failed to provide in initial disclosures and discovery responses the name of fact witnesses known to them, and seeks to exclude the testimony of those witnesses at trial.

Federal Rule of Civil Procedure 37 applies:

(5) Payment of Expenses; Protective Order
    (A) If the Motion Is Granted (or Disclosure of Discovery Is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
        (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
        (ii) the opposing party's nondisclosure, response, or

>    objection was substantially justified; or
>       (iii) other circumstances make an award of expenses unjust.

The Court finds that the requested discovery material was provided after the motions were filed. However, the Court denies Sisbro's request for attorneys' fees and sanctions. Counsel for plaintiffs claim their objections to producing discovery were substantially justified. While in some instances that may not be the case, the parties were in fact able to confer and reach a compromise on most if not all outstanding discovery issues by the time this Court held the status hearing. Additionally, Sisbro has not been prejudiced by the plaintiffs' failure to disclose the identity of two witnesses. Going forward, the parties are instructed to promptly notify the Court, after conferring, of any additional discovery disputes that arise, by filing a **brief** joint notice/motion that describes the nature of the dispute and the positions of each party. The Court intends to rule on discovery disputes promptly.

IT IS SO ORDERED this 9th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE