IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DAVID KAYNE STEELE, AS PERSONAL REPRESENTATIVE
ON BEHALF OF THE ESTATE OF ASHLEY STEELE, DECEASED,
AND ON BEHALF OF HIMSELF AND ALL HEIRS AT LAW

TONY FLOYD LEWIS, AS SPECIAL ADMINISTRATOR
OF THE ESTATE OF LESLIE LEWIS, DECEASED,
ON BEHALF OF HIMSELF AND ALL HEIRS AT LAW                PLAINTIFFS


V.                              No. 3:21-CV-00064 DPM


SHARKEY TRANSPORTATION, INC.,
SISBRO, INC.,
SHIPPERS RENTAL COMPANY,
SHARKEY TRANSPORT SERVICES, INC.,
JOHN DOE TRUCKING ENTITIES 1-5,
JOHN DOE INSURANCE COMPANIES 1-5, and
JOHN DOES 1-5                                            DEFENDANTS


## ORDER

Before the Court is plaintiff Steele's motion for clarification of its ruling in a telephone hearing held on December 20, 2022. See Doc. Nos. 99, 102. The issue is whether defense counsel can ask lay witnesses questions about decedent Ashley Steele's medical history in depositions of those witnesses. The Court's order of December 20 states that defense counsel is entitled to ask questions of the personal representative of Ms. Steele's estate about her medical history. The Court

1

specifically found that such questions seek relevant information related to the claims and damages sought in this case. See Doc. No. 99. This order was clear. To the extent Steele's attorney is confused by the order, the Court grants the motion to clarify (Doc. No. 102) and provides the following clarification: Plaintiff's counsel should make the personal representative of Ms. Steele's estate available for continuation of his deposition as soon as practicable, as well as other lay witnesses who will be called to testify at trial by the plaintiff. Defense counsel is entitled to ask **each of these witnesses** about **their knowledge** of Ms. Steele's medical history, including treatment sought and provided for medical and mental health conditions during her lifetime. Defense counsel may refer to Ms. Steele's medical records in asking questions of the lay witnesses.

Plaintiffs' motion to extend time to obtain court reporter transcript (Doc. No. 100) and motion for leave to file reply under seal (Doc. No. 104) are denied.

SO ORDERED this 13th day of January, 2023.

_____
PATRICIA S. HARRIS
UNITED STATES MAGISTRATE JUDGE