IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DAVID KAYNE STEELE, as personal
representative on behalf of the estate of Ashley
Steele, deceased, and on behalf of himself and all
heirs at law**

**TONY FLOYD LEWIS, as special administrator
of the estate of Leslie Lewis, deceased,
on behalf of himself and all heirs at law**                                                **PLAINTIFFS**


VS.                                 No. 3:21-cv-00064 DPM


**SHARKEY TRANSPORTATION, INC.,
SISBRO, INC.,
SHIPPERS RENTAL COMPANY,
SHARKEY TRANSPORT SERVICES, INC.,
JOHN DOE TRUCKING ENTITIES1-5,
JOHN DOE INSURANCE COMPANIES 1-5, and
JOHN DOES 1-5**                                                                              **DEFENDANTS**


**ORDER**

Plaintiffs in this case move to compel production of the medical records of Jerry Espy ("Espy"). Doc. No. 108. Espy was employed by defendant Sisbro, Inc. ("Sisbro") in November 2020 when an accident involving his truck and another vehicle occurred. Ashley Steele and Leslie Lewis died in the accident, and their estates (the "Plaintiffs") brought this lawsuit. Espy is not a party in this action.

1

The Plaintiffs ask the Court to compel Sisbro and the other defendants (collectively the "Defendants") to produce Espy's medical records, including but not limited to: (1) Espy's medical prescriptions; (2) treatment and examinations by Espy's family physician; (3) records of Espy's hospitalization months before the collision; (4) Espy's medical records after the accident on November 20, 2020, or up to and through his next examination after the collision to determine his medical health and prescription information; (5) any documentation by the Defendants of periodic monitoring relating to any medical documentation and health related monitoring of Espy from the time of hiring until November 20, 2020; and (6) a signed medical authorization from Espy to allow the Plaintiffs to obtain his medical information. Doc. No. 108, pages 8-9.

The Defendants responded. Doc. No. 110. Among other things, the Defendants state they have no documents to produce, having already provided all responsive documents in their possession. Further, the Defendants observe the lack of legal authority that would require them to compel Espy to sign a medical authorization.

Separate defendants Sharkey Transportation, Inc. ("STI"), Shippers Rental Company ("Shippers"), and Sharkey Transport Services, Inc. ("STS") filed an additional response, noting their relationship with Espy was not one of employer/employee. Doc. No. 111. STI, Shippers, and STS assert they have no

information responsive to the requests of the Plaintiffs. In addition, these defendants also cite the lack of legal authority that would require them to compel Espy to produce the requested records or to sign a medical authorization.

For two reasons, the motion is denied.

First, the Plaintiffs cite no authority that would require a party (the Defendants) to produce medical records of or obtain a medical authorization from a non-party (Espy).

The second reason may be more compelling than the first -- the Defendants cannot produce what they do not possess. Although the Plaintiffs contend the Defendants "should have" responsive documents to their request, the Defendants uniformly state they have already produced all documents in their possession relating to Espy and his medical status.[1]

The motion to compel (docket entry no. 108) is denied.

IT IS SO ORDERED this 28th day of March, 2023.

---

[1] Plaintiffs stress the documents Defendants "should have" and the acts they should have taken. See Doc. No. 108, pages 2, 4, 6, 7, 9, 10, 12, 14, 15, 16 & 17. This emphasis does not alter which documents the Defendants actually possess.

_____
UNITED STATES MAGISTRATE JUDGE