**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**DAVID KAYNE STEELE, as personal**
**representative on behalf of the estate of Ashley**
**Steele, deceased, and on behalf of himself and all**
**heirs at law**

**TONY FLOYD LEWIS, as special administrator**
**of the estate of Leslie Lewis, deceased,**
**on behalf of himself and all heirs at law**                    **PLAINTIFFS**


**VS.**                         **No. 3:21-cv-00064 DPM/PSH**


**SHARKEY TRANSPORTATION, INC.,**
**SISBRO, INC.,**
**SHIPPERS RENTAL COMPANY,**
**SHARKEY TRANSPORT SERVICES, INC.,**
**JOHN DOE TRUCKING ENTITIES1-5,**
**JOHN DOE INSURANCE COMPANIES 1-5, and**
**JOHN DOES 1-5**                              **DEFENDANTS**


**ORDER**

Defendant Sisbro, Inc. ("Sisbro") moves to compel information regarding the

mental and physical health of the wrongful death beneficiaries of Ashley Steele

("Beneficiaries"), as well as the identities of medical care providers seen by them from

5 years before Ashley Steele's death to present.   Sisbro also seeks signed medical

authorizations from the Beneficiaries so that medical records from five years before

1

the November 20, 2020, accident to the present can be obtained.[1]  The Beneficiaries

object, contending such  medical records are not relevant and are privileged.  For the

reasons set forth below, the motion is granted.

The Court recognizes that the Beneficiaries have suffered tremendous grief

following the tragic accident on November 20, 2020 that took the life of Ashley

Steele, and their deposition testimony (filed under seal) affirms this.  However, the

medical records of the Beneficiaries may well  be relevant depending upon their trial

testimony.  If the Beneficiaries testify to conditions, symptoms, or treatment *after* the

accident for impairments or conditions which pre-dated the accident, then the medical

records at issue would be relevant as a point of comparison.[2]

The Beneficiaries contend the medical records are not discoverable because

they will testify only to grief which is *normally* associated with such a tragedy.  *See*

*Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730 (2003).  The parties summarize case

law which describes three approaches to this issue: (1) a broad approach holding that

---

[1]Interrogatory No. 1 is at issue, and is quoted on pages 1-2 of the defendants' brief. Doc. No. 114.

[2]The parties' attempts to compromise on this issue failed.  The plaintiffs proposed not to call an expert witness on the issue of the beneficiaries' damages, and suggested they would elicit no testimony about prescriptions taken by the beneficiaries.  The defendants proposed a broader prohibition on testimony (no testimony about medical treatment, medication, anxiety, depression, nervousness, memory loss, physical symptoms, insomnia, and fatigue) in exchange for dropping the request for the medical records.  See Doc. Nos. 113-12 & 13.

the medical privilege is waived when a party alleges emotional distress; (2) a narrow approach holding medical documents discoverable only if a patient intends to use privileged communications at trial; and (3) a middle ground approach whereby a claim for "garden-variety" mental anguish does not waive any privilege but claims beyond garden-variety mental anguish do. *See Kennedy v. Municipality of Anchorage*, 305 P.3d 1284 (Alaska 2013). The parties concur that the middle ground approach is the majority view.

The Beneficiaries contend they will testify to "garden-variety," or normal, or ordinary, grief. Therefore, they argue their medical records are not at issue. This argument fails. The sealed deposition testimony demonstrates that the Beneficiaries' grief amounts to more than "garden-variety" grief.[3] Such testimony includes evidence of medical/psychological treatment; the need for medication; depression, sleeplessness, or nervousness; anxiety attacks; suicidal ideation; physical symptoms related to trauma; memory problems; and permanent emotional distress. *See Kennedy*, 305 P.3d at 1290-92 (providing a description of evidence that would support a finding that mental anguish not garden-variety).

---

[3]The District Court of New Mexico observed in a wrongful death case that the term "garden-variety" itself is not easily defined. Despite this difficulty, the Court found the beneficiaries' allegations that their lives were "completely devastated" and "significantly disrupted" showed their emotional suffering was not garden-variety. *Empey v. FedEx Ground Package Sys., Inc.*, 2016 WL 10179244 (D.N.M. July 7, 2016). It may be difficult to envision any wrongful death case where the grief is merely garden-variety.

The Beneficiaries cite *Brossette v. Swift Transp. Co.*, No. CIV.A. 07-0888, 2008 WL 4809411 (W.D. La. Oct. 29, 2008) to support their position. This case, however, involved a motion in limine, not a motion to compel. As a result, the case is not helpful and only highlights that the inquiry here is whether the medical records are *discoverable* rather than whether they are *admissible.*

The admissibility of these records may be argued at a later date. For now, these medical records are discoverable because the Beneficiaries put their mental health at issue in their deposition testimony, and their testimony supports they are claiming more than garden-variety mental anguish. The motion to compel (Doc. No. 113) is granted.

IT IS SO ORDERED this 3ʳᵈ day of May, 2023.

_____
UNITED STATES MAGISTRATE JUDGE